SENA JENSEN, APPELLANT, V. GRAND LODGE, ANCIENT ORDER
UNITED WORKMEN, OF NEBRASKA, APPELLEE.

FILED APRIL 11, 1921.    No. 21376.

1. **Insurance:** SUSPENSION. Laws of a fraternal benefit association
provided for automatic suspension, without notice, upon failure to
pay a monthly assessment within the time limited. The insured
made his last payment in May, and died in September, having
been in suspension on the records since June. His beneficiary
claimed the May payment was on the June assessment, that the
suspension was wrongful, and that the insured was excused from
tendering subsequent assessments. No such claim was made by
the insured, there was no communication between him and the
lodge after May, and no tender of later assessments. *Held*, no
basis for the theory that neglect to make such tender was ex-
cused.

2. ——: VALIDITY OF ASSESSMENT. Where, by mutual consent,
the holder of a certificate of insurance in a fraternal benefit asso-
ciation surrenders the same and accepts a new certificate, his
beneficiary, in an action upon the latter, can raise no question as
to the validity of the assessment rates levied upon the original
certificate, which were paid in full without protest.

3. ——: ——: TENDER. In an action upon a fraternal benefit
certificate, the beneficiary will not be heard to claim that the in-
sured was excused from paying or tendering assessments because
the amount thereof was increased by an amendment to the by-
laws not validly enacted, in the absence of evidence that payment
thereof was tendered at the rate established prior to the attempted
amendment.

4. **Evidence** examined, and held to establish that the insured aban-
doned his insurance and his rights as a member.

APPEAL from the district court for Douglas county: LEE
S. ESTELLE, JUDGE. *Affirmed.*

*Gray & Brumbaugh* and *Byron G. Burbank,* for ap-
pellant.

*Nelson C. Pratt, E. J. Lamb* and *Edward F. Leary,*
contra.

DORSEY, C.

John M. Jensen became a member of the Ancient Order of United Workmen and received a benefit certificate for $2,000 therein on October 9, 1903. In April, 1917, he surrendered his certificate and accepted another for $1,000. He paid all dues and assessments up to June 1, 1917. On June 29, 1917, he was suspended for alleged nonpayment of the assessment due on the first of that month, and died September 29, 1917, without having been reinstated. This action is brought by his widow, as beneficiary, to recover upon the certificate. The trial court, upon motion of both parties for a directed verdict, withdrew the case from the jury and rendered judgment dismissing plaintiff's action, and she seeks a reversal of that judgment.

When Jensen first became a member, the monthly rate upon his $2,000 certificate was $1. This continued until October 1, 1909, when it was increased to $1.70. There was also an additional emergency fund of 70 cents a month on each $2,000 certificate, created May 1, 1905, which ran until October 1, 1909. Jensen paid these increased rates and continued to pay them, when, after September 1, 1915, the regular monthly assessment was increased to $2.30. On May 1, 1917, there was an amendment to the by-laws requiring the payment of $2.83 a month on a $1,000 certificate. Jensen had reduced his certificate from $2,000 to $1,000 on April 24, 1917. He paid only one assessment at the rate of $2.83, in May, 1917.

The plaintiff, in her petition, alleged that Jensen, who for many years had been a member in good standing, received on April 24, 1917, from the defendant the benefit certificate for $1,000 sued upon, in which plaintiff was named as beneficiary; that on September 29, 1917, he died while in good standing, and that the defendant thereby became indebted to the plaintiff upon the certificate in question; that Jensen had done and performed everything required of him up to the time of his death; and that the plaintiff had given proper notice and otherwise performed the contract.

In its answer, the defendant admitted that Jensen became a member on October 9, 1903; alleged that thereupon he paid $1 to the local lodge upon a beneficiary certificate of $2,000, which he surrendered in April, 1917, when he took the certificate sued upon. It was further averred that, preliminary to becoming a member in October, 1903, Jensen signed an application in which he agreed to be bound by all by-laws then in force or subsequently enacted. The answer set forth the laws in force when Jensen became a member, by which it was provided that there should be due on the first day of each month from every member holding a $2,000 certificate the sum of $1, payable on or before the 28th day of that month; that upon failure to pay within that time the member would stand suspended, without any action being required of the lodge or of any officer thereof, and that the suspended member might be reinstated upon certain conditions. The facts with reference to the various increases of the assessment rate, as hereinbefore set forth, were also pleaded in the answer, and it was alleged that all laws and rules by which the same were put in effect had been filed with the insurance commissioner, as required by law. It was further alleged that, by virtue of one of these laws, which became effective May 1, 1917, Jensen became liable on that date, and on the first of every month thereafter, for an assessment in the sum of $2.83 on his $1,000 certificate; that he failed to pay the assessment falling due on June 1, 1917, and by reason of his default had forfeited his rights and become suspended; that he made no effort to be reinstated, and thereafter made no tender or payment of any sum whatever; whereby he abandoned his insurance. To this answer a general denial was pleaded by way of reply.

It is undisputed that Jensen paid no assessment after the first one for $2.83 paid in May, 1917, after he surrendered his original $2,000 certificate and accepted the $1,000 certificate sued upon, although his death did not occur until September 29, 1917. Under the admitted law

of the defendant, which appears never to have been changed since Jensen became a member, there was a regular assessment falling due on the first day of each month and payable on or before the 28th day of that month, and, if it was not paid at that time, the member stood suspended without any affirmative action by the lodge. Thus, in order to sustain the plaintiff's contention that Jensen was in good standing when he died, it is necessary to find some explanation for his failure to pay or tender the assessments which, on the surface at least, appear to have been delinquent for the months of June, July, August, and September.

The plaintiff's theory is that, when he first became a member and paid his first dollar on October 9, 1903, it was, in reality, not in payment of the October assessment which was due October 1, and was therefore past due when he joined, but an advance payment of the assessment falling due November 1; in other words, that, when a member joined after the 1st day of any month, he was not liable for the assessment of that month, but his liability would commence on the first day of the following month. In support of this theory, the plaintiff relies upon an interpretation of the laws of the order made by its own law committee and considered and upheld by this court in an unpublished opinion by McGirr, C., in *Carey v. Ancient Order United Workmen,* No. 20397. From this it is argued that the dollar which he paid October 9, 1903, should have been credited in payment of November, instead of October, and that this mistake in bookkeeping continued through the entire period of Jensen's membership. When, therefore, he paid $2.83 in May, 1917, it should have been credited, so the plaintiff contends, in payment of the June, 1917, assessment, his suspension for nonpayment of the assessment for that month was wrongful, and he was thereby excused from tendering the subsequent assessments.

Assuming that the May, 1917, payment should have been credited upon the June assessment and that it was paid,

does it follow that Jensen was thereby excused from tendering the July assessment? In considering that question it is necessary to bear in mind the laws of the order relative to suspension in connection with the conduct of Jensen. The record does not show any move on his part after he made the May, 1917, payment; it was not as if he had tendered it in payment of the June assessment, and the lodge had refused to so credit it, and suspended him in consequence thereof. It was the law of the order that a delinquent member should stand suspended on the 29th day of the month without any notice on the part of the lodge. If, on the other hand, notice of some sort had been prescribed as a condition precedent to legal suspension, and notice had been given Jensen on the wrongful supposition that his assessment for June, 1917, was unpaid, there would be ground to argue that he would thereby be excused from the tender of subsequent assessments, because, in that case, it would have been the affirmative wrongful act of the lodge that suspended him, and the defendant would be in no position to urge that his rights were forfeited by failure to make later tender.

There is nothing in the record to show that, if he had tendered the July assessment, the lodge would have refused to receive it because of the nonpayment of the June assessment. It does not appear that he ever called to the attention of the lodge any claim that he was entitled to have his payment in May, 1917, applied upon the June assessment, or, in fact, that he ever made or entertained such a claim in his lifetime. There is nothing to indicate that when the time came to pay the July assessment anything had in the meantime transpired from which he could have had any right to assume that he was suspended, unless it be taken for granted that he was aware of the fact that his payment in May applied to that month's assessment and not to June. If Jensen in good faith thought when he paid in May that he was paying and was entitled to credit for June, in the absence of any

notice to him from the lodge of his suspension, it cannot
be inferred that he refrained from tendering the July
assessment because he was suspended in June.

There was no evidence that the lodge ever notified
Jensen that it considered him suspended or that he ever
knew that he was suspended. There was simply the
customary notation "suspended" marked opposite his
name on the lodge books on June 29. He made no tender
or other move and gave no sign, from May until he died
on September 29, indicating that he continued to regard
himself as a member in good standing. There was nothing
to distinguish his attitude after his last payment in May
from that of a member who had made up his mind to drop
his insurance. When he first became a member he agreed
to be bound by the provision for automatic suspension,
without affirmative notice. Such a provision has been held
valid and self-executing. *Field v. National Council, K. &
L. of S.,* 64 Neb. 226. Jensen had no knowledge or notice
that he had not been credited with the June assessment,
or that the lodge would not have credited him therewith if
he had demanded it, if in good faith he thought he had
paid it, and, in that event, if he desired to keep his cer-
tificate in force, it was incumbent upon him to tender the
July assessment.

From the time when Jensen took out his original $2,000
certificate down to April, 1917, when he surrendered it in
exchange for the $1,000 certificate sued upon, there were
successive increases in the assessment rates from the
original $1 a month to $2.30, all of which Jensen paid.
The defendant offered the various amendments to its laws
establishing these increases, and the plaintiff objected to
them because there was inadequate proof that they had
been enacted and promulgated in conformity with the
laws of the order. Jensen having paid all these increased
assessments on his old certificate without protest and sur-
rendered it, accepting a new contract, we think that his
beneficiary cannot complain of any lack of validity in the
rates applicable to the old contract, and that these objec-

tions are therefore immaterial.

There remains the objection of the plaintiff that the amendment to the by-laws establishing the rate of $2.83 a month on the new $1,000 contract, effective May 1, 1917, was not validly enacted or promulgated. In the light of the views hereinbefore expressed, we consider it unessential to determine whether or not the amendment in question was properly adopted. Jensen was bound by the law which had existed unchanged ever since he first became a member, that a regular monthly assessment was due on the first day of each month, payable on or before the 28th day of that month. It was therefore necessary for him to pay or tender some amount—if not $2.83, then the sum that he considered sufficient according to the proper interpretation of the laws of the order—on or before the 28th day of July, 1917, assuming that his June assessment was paid, as the plaintiff contends. He could not stand aloof on some objection to the rates which he did not communicate to any officer of the lodge, but kept concealed within his own breast, and refrain from taking any step whatever to comply with the law requiring the payment of monthly assessments.

The plaintiff cannot claim that Jensen was excused from paying the amended rate on the ground that it was invalid and excessive, without showing a disposition to keep the insurance in force by tendering the old rate. Having failed to pay or tender any assessment after his payment in May, 1917, we think that the defense that Jensen abandoned his insurance was conclusively established, and we therefore recommend that the judgment of the court below be affirmed.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.